## BROWER and others *vs.* LEWIS and STERLING.

Where damaged cotton is sold by sample, the sample should be a fair specimen of the whole—of the bad as well as the good; and if the seller warrants that the whole corresponds with the sample, he is liable in case it turns out to be different, although it was sold as a damaged article.

Where a broker, on a sale of cotton by sample, assures the purchaser that the samples are fairly and honestly drawn, and that they may depend upon the bales turning out, when opened, equal to the samples, this, if not conclusive evidence of an agreement to warrant, is enough to go to the jury, on that question.

There may be a warranty of *repacked* cotton.

If a broker has no authority to sell by sample, still the owners cannot affirm the sale made by him, and get an increased price on account of the warranty, and keep it, and say they did not authorize him to make a warranty.

APPEAL from a judgment entered at a special term, on the verdict of a jury. The plaintiffs, who were merchants residing in the city of New-York, on the 5th of October, 1849, sold to the defendants, merchants of Philadelphia, 85 bales of repacked cottons, amounting to $2742. The sale was made through a cotton broker, who sold the same by sample. It appeared that a large number of the bales did not correspond with the samples exhibited. The defendants paid the plaintiffs the amount they deemed the cottons were worth, and in this action, which was brought to recover the balance of the purchase money, set up in defense a breach of the warranty, and claimed to set off the difference between the actual value of the cottons and the value based upon the samples from which they were sold. The case was tried before Judge ROOSEVELT, and under his ruling the jury disagreed. The case was afterwards tried before Judge EDMONDS, and he directed the jury to bring in a verdict for the whole of the plaintiffs' claim, on the ground that repacked cotton was a damaged article, and that the rules of law touching a sale by sample did not apply to such a sale. The defendants appealed.

*R. J. Dillon*, for the plaintiffs.

*C. Bainbridge Smith*, for the defendants.

Brower *v.* Lewis.

*By the Court*, MITCHELL, J. The judge, after being requested to instruct the jury on various points, declined to do so, and directed the jury to find a verdict for the plaintiffs for the whole amount claimed. This withdrew every question from the jury, and could not be correct, if there were any clashing of testimony on a material point. The judge stated the ground of his decision to be, that repacked cotton was a damaged article, and that the rules of law touching a sale by sample did not apply to such a sale. The defendants excepted. If cotton is damaged, and it is sold by sample, that sample should be a fair specimen of the whole, of the bad as well as the good; and if the seller chooses to warrant that the whole corresponds with the sample, he is liable if it turn out different, although it was also sold as a damaged article. One witness said that Maltbie, the broker, for the sellers, assured him that the samples were fairly and honestly drawn, and that he might depend upon the bales turning out, when opened, equal to the samples; and that it was clearly understood between him and Maltbie that the cottons were to prove equal to the samples. If this was not conclusive evidence of an agreement to warrant, it was enough to go to the jury on that question. So Maltbie, for the sellers, said, we guarantee our samples fairly drawn, and if there was any fraud, the defendants would have recourse to the plaintiffs; and he also says the cotton was sold by sample. Another witness says, Maltbie gave me his unqualified assurance that the cotton would prove equal to the samples; the word warranty or guaranty was used, and the word sample. The cotton, instead of answering the sample, had in each bale 150 pounds of refuse, consisting of oyster shells, small stones and sand, according to one witness, or 150 pounds of trash, to another. If this refuse were in mass, or were not casually adhering to the cotton, even without a warranty, the defendants could not be called on to pay for it; on a purchase of cotton by the pound, the buyer is not to pay for oyster shells and stones by the pound. If the jury had believed one witness, and him alone, as the judge perhaps did, that "repacked cotton" meant "look out for all sorts of stuff," and this stuff included foreign stuff also, as stones, the verdict might have been right.

---

Brower *v.* Lewis.

---

But other witnesses gave to those words a different meaning. One said it meant wet *cotton* dried and baled ; that there are many varieties ; another, that it means, sometimes, a merchantable article, sometimes unmerchantable ; it means cotton rebaled after some accident has occurred to break up or damage the original article ; but that dirt, sticks and stones are never introduced into the bales on repacking, except when the object was to defraud the purchaser or consumer. Another witness says, it has a definite signification, which is, that the cotton is or may be damaged, or that it is of mixed qualities. If the jury believed these last witnesses, they could not find that there could be no warranty of repacked cotton. If the broker had no authority to sell by sample, which was not shown at the trial, still the plaintiffs cannot affirm the sale made by him, and get an increased price on account of the warranty made by him, and keep it and say they did not authorize the warranty. It will answer the defendants as well as if they disaffirm the contract as made, and claim to recover only so much as the cotton would have been worth, if sold without warranty, on the supposition that if sold with warranty it would bring the price agreed on.

The objection now raised by the plaintiffs that the sale note is the only legal evidence of the terms of sale, was not raised on the trial. If raised it might possibly have been obviated. It is not necessary now to pass on that objection.

There should be a new trial ; the costs to abide the event.

[New York General Term, January 26, 1855. *Mitchell, Morris* and *Clerke,* Justices.]