RICHARD A. ELMER, JR., Respondent, *v.* LUCAS OAKLEY, EDWARD E. CLAPP and MORRIS BENNITT, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1870.)

Money taken in excess of lawful interest, without the lender's knowledge, by his agent to make the loan, will not render the security given therefor usurious, unless taken by some authority from the lender in that respect.

The borrower does not raise a presumption that the lender's agent had authority to take usury by showing that he paid the agent a bonus for the loan.

APPEAL from a judgment on a decision of the court without a jury.

The action was brought to foreclose a mortgage made by the appellants, Oakley and Clapp, to John F. McCain and Charles T. McCain, and assigned by the mortgagees to the respondent. The mortgage was given to secure the payment of a bond for $2,500 and interest, made by said Oakley and Clapp, as principals, and the other appellant, Morris Bennitt, as surety. The defence set up was usury.

The cause was tried before Mr. Justice BOARDMAN, without a jury, at the Chemung Special Term, in April, 1869.

The transaction out of which the bond and mortgage arose, was this: Oakley & Clapp, partners in business, wished to borrow $2,500; for this purpose, on April 8th, 1866, they applied to Smith & Hall, who were partners in business as bankers and brokers, and offered security by mortgage, and Bennitt's name upon their bond. Smith & Hall agreed to procure them the desired loan for a commission or brokerage of ten per cent, and Oakley & Clapp agreed to pay this brokerage; and in anticipation of the loan Smith & Hall discounted the defendants' note for $1,000 for ten days. The completion of the business was delayed until April 27th, and in the intermediate time the defendants drew their checks on Smith & Hall to the amount of $600; Smith & Hall applied to Richard Elmer, Sr., of Waverly, father of the respondent, to assist them in procuring the loan; and Elmer applied for the same purpose to John E. Howell, of Goshen N. Y. Howell procured the money for this loan from the McCains, and sent it to Elmer; Elmer sent it to Smith & Hall, in the form of a draft of the First National Bank of Waverly, upon a New York city bank, for $2,500, payable to the order of Clapp & Oakley; Smith & Hall delivered this draft to Oakley & Clapp, and received from them at the same time the bond and mortgage in suit. As soon as Smith & Hall learned who were the parties who would loan the money, Smith handed to Clapp, at Elmira, for execution, the bond and mortgage in suit; Clapp took them to Horseheads and there had them

executed and acknowledged, and shortly thereafter brought them back to Smith & Hall, delivered them, and received the draft above described. Clapp indorsed the draft with the name of the payees, and deposited it with Smith & Hall, to the credit of himself and partner; at the same time he drew a check on Smith & Hall for $250, and delivered it to them, according to previous agreement. Before Clapp delivered the bond and mortgage and received the draft, he objected to paying the ten per cent brokerage, and Smith told him he need not complete the loan if he did not wish to do so, and in that case he would charge him nothing for what he had done and would return the money. Clapp insisted upon completing the loan, upon the terms stated.

Smith & Hall sent to Richard Elmer, Sr., his charges for obtaining the money. There was testimony to show that the McCains did not authorize Howell to charge the borrowers of their money any sum for investing it; they did not know that any one by or through whom it was invested, received or charged the borrowers any sum for investing it; nor did they know that Smith & Hall received of Oakley & Clapp, or charged them any sum for procuring the loan for them, or on account of said loan. The McCains had no communication with Elmer, Sr., or with Smith & Hall, in relation to the loan, and did not know them.

Smith & Hall also executed a guaranty upon the bond, because Elmer, Sr. required it, before he would allow the money to be loaned upon the security offered.

Judgment of foreclosure was directed and entered, and the defendants, Oakley, Clapp and Bennitt, appealed to the General Term.

*W. L. Dailey*, for the appellant.

*J. R. Ward*, for the respondent.

By the Court—MILLER, P. J. The judge upon the trial of this action decided this case upon the authority of *Condit*

v. *Baldwin* (21 N. Y., 219) and *Bell* v. *Day* (32 id., 165). In *Condit* v. *Baldwin* it was held that where an agent intrusted with money to invest at legal interest, exacted a bonus for himself as the condition of making the loan without the knowledge or authority of the principal, that it did not constitute usury in the principal nor affect the security in his hands. In *Bell* v. *Day* the same principal was affirmed upon the authority of *Condit* v. *Baldwin*. I find myself unable to discover any distinction in principle between the cases cited and the one at bar. Although they are all similar in many of their leading features, the case before us is, if anything marked by stronger characteristics against the borrowers than either of the cases cited. In both of the cases cited, the contract for the loan was made with the agent of the lender while here, Smith & Hall were expressly employed by the borrowers as their agents to procure the loan, and another person (Howell) acted as the agent of the McCains, the lenders, who received no portion of the premium, and were not aware that any was received by any other party.

It does not, in my opinion, alter the aspect of the case because a portion of the money was advanced by Smith and Hall, or because another party became the owner of the security, and Smith & Hall, who procured the money for the borrowers, offered to extend the time another year upon the payment of ten per cent additional for the use of the money. These were facts to be considered upon the question whether there was an unlawful and corrupt agreement upon the part of the lenders to take illegal interest, and were properly addressed to the consideration of the court upon the trial. The same remarks are applicable to other facts, which tended to establish a usurious contract. A finding of the judge, to the effect that the McCains, or Howell, their agent, instructed Elmer to make the loan at a legal rate of interest, was not, in my opinion, essential to uphold the judgment or to bring the case within the meaning or spirit of *Condit* v. *Baldwin*, as is claimed by the counsel for the defendant. As no instructions to the contrary are shown, I think that it

must be presumed that Howell, their agent, had no authority to make a usurious loan. Usury must be made out by proof, and as the findings of the court establish that the lenders gave no authority to their agents to take unlawful interest, it would appear to be unnecessary to find that contrary instructions were given.

Nor do I see any necessity for a finding by the court that the defendants had knowledge that Smith & Hall were to act as the agents of the McCains, and that in the reservation of the ten per cent they were bargaining on their own account exclusively. The judge found that the agreement for the loan was made between Oakley & Clapp and Smith & Hall, the latter agreeing to procure the money for the sum of $250; that the money was procured of the McCains through the exertions of Smith & Hall; that the McCains received no part of the $250, nor was the same exacted with their knowledge or authority, nor had the McCains any knowledge that such sum, or any sum, was to be charged by Smith & Hall, or any other person, for making such loan, or to be deducted from the amount loaned and advanced. These findings cover the whole grounds of the case, and render any other findings unnecessary to sustain the conclusion of law. They virtually made Smith & Hall the agents of Oakley & Clapp in procuring the loan, and not in any sense the agents of the McCains, who had intrusted their money to Howell to invest for them, without any power to delegate his authority to a third person. The general rule, therefore, that the principal is bound by the acts of his agent while acting within the scope of his authority, would seem to have no application. In order to make out a case of usury, it was necessary to find that Smith & Hall were the agents of the McCains, and that as such, their unlawful acts were the acts of the McCains, although wholly unauthorized by the latter and unknown to them. This has not been done, and in any view which may be taken of the case I think it is clear that there was no error, and that judgment should be affirmed with costs.

Judgment affirmed.