LUCIUS ALGUR, Respondent, *v.* EASTON GARDNER et al., Appellants.

It is error for a judge to submit a question to a jury where there is no evidence to authorize any finding thereon; and so it is proper to refuse to submit a question unsupported by evidence.

This action was upon a promissory note of $200, payable one year from date, with interest; the defence, usury. Upon the trial it appeared that C. loaned the money as agent for the payee to defendant, G.; that she was authorized to loan it only at legal interest, and that the payee knew nothing of the transaction between C. and G. G. testified, in substance, that he agreed to pay twelve per cent for the use of the money, and that he paid to C. ten dollars, the surplus over the amount secured by the note. C. testified that the agreement was only for seven per cent.

The court charged, in substance, that if C. was authorized to make the loan at lawful interest, and did so make it and took the note thereupon, defendant knowing of the agency, the note was not usurious, although C., at the same time, made a separate agreement with defendant that he should pay for her benefit ten dollars, over and above lawful interest, provided plaintiff had no knowledge of and in no way sanctioned such agreement. *Held*, error, as there was no evidence of any such separate agreement.

Also, *held*, that if the agreement was as testified to by G., although made without the knowledge or consent of the payee, and although the excess over lawful interest was received and appropriated by C., yet the note was usurious and void.

*Condit* v. *Baldwin* (21 N. Y., 219) distinguished.

(Argued March 10, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the eighth judicial district, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought upon a promissory note for $200, made by the defendant, payable to Mott Warner, or bearer, one year from date, with interest. The defence was usury.

The note was given upon a loan of money by defendant, Gardner, of Watson, the payee, which loan was negotiated by Nancy Childs, as agent for the payee. It appeared that Mrs. Childs was employed by Watson to effect loans for him; she being authorized only to make loans at lawful interest, and expressly restricted thereto.

Gardner testified, in substance, that Mrs. Childs required of him twelve per cent interest upon the loan; that he vainly attempted to procure it at a less rate, but she insisted that she must have ten dollars extra, and he agreed to pay that amount; that he gave the note in suit, and subsequently paid Mrs. Childs ten dollars to make up the balance of the interest, as agreed. Mrs. Childs, on the contrary, testified that there was no agreement for more than seven per cent interest, and that she did not expect anything more, as she had been instructed by her brother on that subject. She admitted that she received the ten dollars, but testified she did not know it was intended to apply upon the note. Watson testified that he knew nothing of the transaction between Mrs. Childs and Gardner. Further facts appear in the opinion.

*L. W. Thayer* for the appellants. It was error for the court to charge the jury on an assumed state of facts not proved or before him. (*Small* v. *Smith*, 1 Den., 583; *Gale* v. *Wells*, 12 Barb., 84; *Story* v. *Bannan*, 15 N. Y., 526: *Harrison* v. *Thompson*, 9 Geo., 310; *Adams* v. *Liesnan*, 5 Dana, 394; *Snyder* v. *Wilt*, 15 Penn. St., 59; *Bradley* v. *Grost*, 8 Barb., 45; *Benham* v. *Carey*, 11 Wend., 83.)

*Thos. Corlett* for the respondent. No exception was taken to the judge's charge by defendant's counsel on the ground that there was no evidence to warrant the charge, and that point cannot be raised now. (*Condit* v. *Baldwin*, 21 N. Y., 219; S. C., 21 Barb., 181; *Bell* v. *Day*, 32 N. Y., 165;

*Smith* v. *Tracey*, 36 id., 79; *Clark* v. *Sheehan*, 47 id., 188; *Scoop* v. *Clark*, 1 Keyes, 181; *Lee* v. *Chadsey*, 2 id., 543; *North* v. *Sargeant*, 33 Barb., 350; *Horton* v. *Moot*, 60 id., 27; *Elmer* v. *Oakley*, 3 Lans., 34.) Plaintiff cannot be held responsible for an intent to make the note usurious, unless the intent was in full contemplation of both parties. (*Eldridge* v. *Reynolds*, 1 Barb. Ch., 43; *Powell* v. *Jones*, 44 id., 521; *Thomas* v. *Murray*, 32 N. Y., 605; *Leslie* v. *Johnson*, 41 Barb., 359; *Lee* v. *Chadsey*, 2 Keyes, 543.) If an agent represents himself to be the principal and receives more than seven per cent on his principal's money, it is not usury, unless the latter took the usurious interest, or knew of its being taken. (*Scoop* v. *Clark*, 1 Keyes, 181; *Elmer* v. *Oakley*, 3 Lans., 34.)

Reynolds, C. If the evidence of the defendant Gardner was true, the note was plainly usurious. If, on the contrary, the evidence of Mrs. Childs is to be credited, there was no usury in the transaction. This was the only issue made by the pleadings and evidence, and upon it alone the case should have been left to the jury.

The learned judge before whom the cause was tried, however, instructed the jury that if " Watson authorized Mrs. Childs to make the loan at lawful interest only, and she as his agent made the loan to Gardner at lawful interest, Gardner knowing that she acted as such agent, and took the note in suit thereupon, such note was not usurious, although Mrs. Childs at the same time made a separate agreement with Gardner to pay her for her benefit ten dollars over and above lawful interest, provided Watson had no knowledge of and in no manner sanctioned such separate agreement." To all this the defendant excepted. Both Watson, whose money was loaned, and Mrs. Childs, his sister and agent for making the loan, testified that the latter was only authorized to make loans at a legal rate of interest, as both were fully alive to the consequences of loaning money at usurious rates. This was not in any way contradicted. Watson also swore that he

knew. nothing of the transaction between his sister as his agent and Gardner; and there was no evidence given to controvert this statement. So far, it was very proper for the judge to say to the jury that there was no usury in the transaction; and more particularly so as Mrs. Childs had sworn that there was no agreement with her to pay more than seven per cent, if the evidence was to be credited; but he coupled this direction with the further charge that there was no usury, " although Mrs. Childs at the same time made a separate agreement with Gardner to pay her for her benefit ten dollars over and above the lawful interest, provided Watson had no knowledge of and in no manner sanctioned such separate agreement." I think this tended to mislead the jury, and was erroneous. By it they might, and probably did find, that the ten dollars in fact paid by Gardner and received by Mrs. Childs, above the legal rate of interest, was upon a separate contract for her individual benefit—of which there is not a particle of evidence. It must be remembered that Gardner, in his account of the transaction, says the loan was made at twelve per cent, which is just ten dollars more than the legal rate, and there is no suggestion or pretence that this ten dollars, in fact afterward paid to and received by Mrs. Childs, was upon any separate agreement with her. She swears to no such thing, but feebly pretends not to know on what account the ten dollars was paid, and dimly suggests the existence of an overdue mortgage, held by her brother against Gardner, upon which the ten dollars was never indorsed, and that it was not to be applied upon the note in suit. Of course not, for, if Gardner told the truth, this ten dollars was a bonus for the loan, over and above the amount loaned, and legal interest.

It is also to be observed, in this connection, that both Watson and his sister and agent were painfully sensible of the penalties for taking usury, and yet eager to enjoy the fruition of large interest upon loans of money. Watson says that he had no arrangement with his sister for her compensation in acting as his agent in loaning his money; that she was not to

have any part of the money for her benefit, *for the use of* the money loaned by her for him; that he had the, benefit of the loans and purchases with his money, and while rigorously restricting her to loans at legal rates, yet, when the demand for money exceeded the supply, he did " authorize her to buy obligations, thinking thereby to get a greater amount of interest." That he had an eye to the profitable " usance " of his money is obvious.

Mrs. Childs, the sister and agent, swears that when asked by Gardner, at what rate she " shaved obligations," she answered, with great simplicity, " at the rate of five dollars on the hundred." It thus seems apparent that this was the rate of " shaving " agreed upon between the principal and agent, and is in perfect harmony with the account given by Gardner, that in fact the loan was made at the rate of twelve per cent. If the case had been put to the jury upon that issue, they could not truthfully have found otherwise; but they were, by the direction of the judge, left at liberty to find a verdict upon a ground having no evidence to support it; and it is inconceivable that any verdict for the plaintiff could have been found upon any other theory.

The learned judge at the circuit was requested to charge the jury that " the note was usurious, unless Gardner knew at the time the ten dollars agreed by him to be paid to Mrs. Childs, over and above the note, was for her exclusive benefit;" and this was refused, and counsel for the defendant duly excepted. For the same reason that I consider the charge of the circuit judge erroneous upon the question of the payment of ten dollars to Mrs. Childs upon a separate contract for her own benefit, this request was correctly refused. In fact, there was nothing in the case rendering it proper to leave to the jury the consideration of any such question. There is no evidence whatever that Gardner made any separate contract with Mrs. Childs for her own benefit, independent of her loan of money as the agent of Watson.

It is error for a judge to submit a question to a jury where there is no evidence to authorize any finding thereon, and it is,

for a similar reason, correct to refuse to submit a question unsupported by evidence. (*Small* v. *Smith,* 1 Denio, 583.)

We might here properly dismiss this case from any further consideration, if it was not most confidently assumed that the decision of the court below was in accordance with the judgment of the Court of Appeals in *Condit* v. *Baldwin* (21 N. Y., 219). Although that case, as can be readily shown, has no application to the one we have now to consider, its authority for any principle was seriously questioned and impaired by the same court in which it was decided, in *Bell* v. *Day* (32 N. Y., 165). But we think *Condit* v. *Baldwin* is not decisive of the present case. There the agent, Williams, being a lawyer, with the knowledge and concurrence of the borrower, loaned the money of his principal upon the independent agreement that he should be paid a given sum as a sort of imaginary fee for services rendered the borrower. This was entirely outside of his agency, and his principal had no knowledge of the transaction, and was in no respect bound by it, as the court, we think, properly decided.

In the case before us there is not, so far as I can discover, the slightest evidence going to show that any separate arrangement was made between Gardner and Mrs. Childs, as to the application of the extra ten dollars paid her; and it was obviously a part of the contract of loan; and if the case had been properly submitted to the jury they must have found for the defendants.

There should be a new trial.

All concur.

Judgment reversed.