VAN BUREN v. STOKES *et al.*, appellants.

*Usury — what does not constitute — Evidence — res gestæ.*

Defendant wished to have his note discounted, and H. offered to do it for $6, to which defendant agreed. H. took the note and applied to plaintiff, who discounted it, giving H. a check, payable to the order of defendant, for the amount of the note, less the legal discount. This check was given by H. to defendant, who paid H. the $6 agreed on. Plaintiff knew nothing of the agreement or transaction between H. and defendant, and had no interest in the $6 paid. *Held,* that the note did not have a legal inception until it was discounted by plaintiff, and was not tainted with usury.

Conversation and transactions between H. and plaintiff, at the time the note was discounted, *held* admissible as part of the *res gestæ.*

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought in Ulster county by James Van Buren against Richard Stokes and Stephen Yaple, upon a promissory note for $100, made by Stokes and indorsed by Yaple. The defense was usury. The necessary facts appear in the opinion.

*J. V. V. Kenyon,* for appellant.

*D. E. Keyser* and *A. Schoonmaker, Jr.,* for respondent.

BOARDMAN, J. This action was upon a promissory note. The defense was usury. It was claimed by defendants that the note was made by the defendants and sold by defendant Stokes to one Hill at a usurious discount, and that Hill afterward transferred the note to plaintiff. By the plaintiff it is claimed that he discounted the note at the legal rate, at the request of Hill, for the defendant, without usury. The facts proved establish that the note was made to raise money upon, and Stokes, the maker, applied to the bank to have it discounted, but failed. He then, on leaving the bank, saw Hill, and applied to him for the money. Hill finally offered to do it for $6 shave, which was agreed to. Hill then took the note, telling Stokes to sit still a moment and he would be in with a check for the money. Hill soon came back with plaintiff's check for the amount of the note, less legal discount, payable to the order of Stokes. Stokes took the check; went to the bank; got the money, and out of such money paid Hill $6, according to agreement. Plaintiff had no knowledge that Hill received or was to receive any thing from Stokes, nor did plaintiff receive or agree to receive the $6 or any part thereof. Defendant did not part with his property in the note until it was discounted by plaintiff, and then did it first have a legal inception, as found by the referee. Hill did not buy, his money did not pay Stokes for the note. These facts, drawn from the evidence, abundantly justify the findings of the referee, that there was no corrupt or usurious agreement between the plaintiff and defendant Stokes for the loan of this money. Whatever Hill may have said to Stokes, the facts show he was only an intermediate agent between the parties, and secured his commission of $6 without the knowledge, authority, connivance or consent of plaintiff. This brings the case within the authority of *Elmer* v.

*Oakley*, 3 Lans. 34; *Condit* v. *Baldwin*, 21 N. Y. 219, and *Bell* v. *Day*, 32 id. 165.

All the evidence relating to what was said and done by Hill and plaintiff at the time the note was discounted, was competent as part of the *res gestæ*, and as declarations accompanying an act. *Moore* v. *Meacham*, 10 N. Y. 207. The plaintiff had a right to show all the circumstances attending his purchase of the note, to repel the idea of a corrupt or usurious agreement, or of any connivance with Hill. If it were otherwise, no facts were shown, by the evidence objected to, not sufficiently established by unobjectionable evidence. 2 Wait's Law and Pr. 391.

The evidence called for as to Hill's other dealings with plaintiff, was immaterial to the issue, and it was in the discretion of the referee to receive or reject it. The discretion of a court or referee, in the admission or rejection of immaterial evidence upon cross-examination, will not ordinarily be deemed a sufficient reason for a new trial. *La Beau* v. *People*, 34 N. Y. 223.

Upon the whole case, we see no reason for interfering with the referee's decision.

The judgment must, therefore, be affirmed, with costs.

*Judgment affirmed.*