RAMON M. ESTEVEZ AND ANOTHER, RESPONDENTS, *v.* EMILY E. PURDY AND ANOTHER, IMPLEADED, ETC., APPELLANTS.

*Usury — agreement that agent retain $350 as bonus, to be paid his principal — vitiates agreement, though made without knowledge of principal.*

An agent of the plaintiffs, authorized to loan the sum of $5,000 for them, arranged with the defendant to loan her that sum upon the agreement that he should retain therefrom $150 for his own services, and $350 for the plaintiffs as a bonus for the loan. The agent was not authorized to loan the money at a greater rate than seven per cent, nor was any part of the bonus received by the plaintiffs. *Held,* that the loan was usurious.

*Condit* v. *Baldwin* (21 N. Y., 219), *Bell* v. *Day* (32 id., 165) distinguished; *Algur* v. *Gardner* (54 N. Y., 360) followed.

APPEAL from a judgment, recovered at Special Term, for the foreclosure of a mortgage and sale of the mortgaged premises.

*Moses Ely,* for the appellants.

*Zimri W. Butcher,* for the respondents.

DANIELS, J.:

The defense relied upon by the defendants, was, that the bond and mortgage in suit were given to secure the payment of a usurious loan of money from the plaintiffs to the defendant, Emily E. Purdy. The amount agreed to be paid by the terms of the bond and mortgage, was $5,000, with the lawful interest upon it; while the sum actually received by the borrower, was but $4,500. The loan was effected through the intervention of an agent, acting for and on the part of the plaintiffs; and that business seems to have been intrusted exclusively to his control and management. The proofs showed, and the judge before whom the cause was tried found, that the difference between the amount of the sum secured, and that which was received by the borrower, was retained by the agent, who at the time stated that he was to retain $150 for his services, and the remaining $350 was to go to the plaintiffs as a bonus for the loan. It was further found, upon sufficient evidence, that the plaintiffs had not authorized their agent to loan the money at a greater rate of interest than seven per cent, and that no part of the bonus had been received by them, or applied to their benefit.

And for that reason the court seems to have adopted the conclusion that the transaction was not usurious. In reaching that result, it was governed by what it was supposed had been settled as the law by the cases of *Condit* v. *Baldwin* (21 N. Y., 219) and *Bell* v. *Day* (32 id., 165). But in those cases the agents of the lender simply exacted from the borrowers a sum of money for their own benefit, and which, it was understood by the borrower, was to be paid to, and appropriated by, the agent, as an inducement on his part to make the loan. The agreement for it was independent between the agent and the borrower, and not, in either instance, included in the terms on which the loan itself was made. While, in the present case, the agent exacted the bonus for his principals, the lenders, and the agent of the borrower assented to its reservation for them. It was so much claimed upon one side, and conceded upon the other, as a bonus for the use of the money. The agreement for the loan was entire, and the stipulation for this reservation out of the amount was a portion of it. Before any money was paid, the agent exacted $350, on behalf of his principals, for the use of their money, beyond the seven per cent included in the bond and mortgage ; and the husband of the borrower, acting for her, yielded his assent to the demand made.

That was sufficient to create an agreement that the plaintiffs themselves should be paid the $350 for the use of the money loaned, over the statutory rate of seven per cent. It made a plain case of a usurious loan, which was not protected against the defense found to have been proved, by any thing contained in the cases referred to. The agent was authorized by the plaintiffs to loan their money, and the fact that they did not empower him to do so, at a greater rate of interest than seven per cent, could not render that legal, which the statute had declared to be unlawful. Whatever the authority of the agent may in fact have been, he did take the bond and mortgage to secure the payment of a loan of money, at a rate of interest exceeding seven per cent. And by undertaking, as the plaintiffs did, to enforce the security after they had notice that such was the case, they necessarily adopted the transaction through which it had been acquired. They could not enjoy the advantages expected to be gained by it, and at the same time avoid the effect of the unlawful agreement

included in it. (*Bennett* v. *Judson*, 21 N. Y., 238.) This case has been dissented from in other respects, but so far as it relates to this point, its soundness has not been questioned. (*Elwell* v. *Chamberlin*, 31 N. Y., 611, 619, 620 ; Comyn on Conts., vol. 1, 220, 239, and cases cited ; 1 Cow. Treatise [2d ed.], 71–76 ; *Farmers' Loan and Trust Co.* v. *Walworth*, 1 Com., 433 ; *Palmerton* v. *Huxford*, 4 Denio, 166 ; *Brown* v. *Lewis*, 19 Barb., 574.)

The present case is not materially different from that of *Algur* v. *Gardner* (54 N. Y., 360), where it was held that the principal could not avoid the consequences of an usurious loan, by proof of the fact that his agent had no authority to lend the money at a greater rate of interest than seven per cent. That authority is decisive of the present controversy. Under the evidence in the case, which was found to be reliable by the court, the bond and mortgage were void for usury, and the complaint ought to have been dismissed.

The fact that one-half the amount secured was paid at one time by the borrower and then reloaned on the agreement that the mortgage should still continue to be a security for it, in no way improved the plaintiffs' case. For, when the last loan was made, the agent reserved as a usurious bonus for the plaintiffs, as a condition for making it, the sum of $225 out of the amount. Before the plaintiffs commenced this action, they knew that the borrower claimed the transactions to be usurious, by reason of the payment or reservation of these amounts by way of bonus; and by afterward instituting it, they necessarily ratified what their agent had done in their behalf. They could not adopt it so far as it might prove beneficial, and at the same time disaffirm it so far as his acts might be detrimental to their interests.

The judgment should be reversed, and a new trial ordered, with costs to the defendants appealing, to abide the event.

Davis, P. J., and Brady, J., concurred.

Ordered accordingly.