JACOB STOUT AND OTHERS, TRUSTEES, ETC., RESPONDENTS, *v.* WILLIAM E. RIDER AND OTHERS, APPELLANTS.

*Usury — payments made to postpone sale under judgment of foreclosure — application of, upon amount due — when not proper.*

On May 5, 1873, a judgment of foreclosure and sale was entered in this action. The plaintiffs, three in number, were trustees of an estate, the funds of which were in the hands of Jacob Stout. After the judgment was entered, the defendant, to postpone the enforcement thereof, paid to the plaintiffs' attorney $2,500. The agreement to postpone was made by the attorney without the knowledge of any of the trustees, except Thomas Stout, between whom and the attorney all the money received was divided, no portion being paid over to the estate. This motion was made to have the judgment vacated, and the money so paid applied upon the amount due.

*Held*, that as two of the trustees had no knowledge of the agreement, and as the estate derived no benefit from the money paid under it, the application was properly denied.

APPEAL from an order denying a motion to set aside a judgment and for leave to serve a supplemental answer setting up usury.

The action was brought to foreclose a mortgage and resulted in a judgment, foreclosing the rights of the parties defendant in the mortgaged premises and directing a sale thereof.

*George W. Stephens*, for the appellants.

*Edmund Coffin, Jr.*, for the respondents.

DANIELS, J. :

The judgment was entered on the 5th day of May, 1873, and the order to show cause why it should not be set aside, and leave given the appellants to serve a supplemental answer, was made on the 31st day of August, 1876. The mortgage was a portion of a trust estate held by the plaintiffs, the funds of which were in the actual custody of Jacob Stout, who was one of the plaintiffs. It was not claimed that the mortgage itself was in the least degree tainted with usury. But it appeared that before the judgment was recovered, and also subsequent to that time, various sums of money had been paid for the extension of the time of payment of the mortgage debt. These payments in the whole amounted to $2,550, and the object of the motion was to secure their application upon the mortgage debt, under the principle of the case of *Real Estate Trust Company* v. *Keech* (7 Hun, 253). In that case, however, it appeared that the creditor itself received the money paid for the extension, while in the present case the agreements made to extend the time of payment appear to have been made by the attorney in the action without authority from the plaintiffs, but with the sanction of Thomas H. Stout, who was one of them, and who shared in the moneys received for that purpose. The other two plaintiffs, including the one having the custody of the trust funds, knew nothing of the agreements made by their attorney, and in no way whatever authorized or sanctioned them. But the attorney made them for the personal benefit of himself and the plaintiff, Thomas H. Stout, and the sums received were divided between them, and in no way applied to the benefit of the trust estate.

It was claimed in support of the application made, that the transactions through which the extensions were obtained, were within the prohibitions of the statute forbidding the taking of usury, because the agreements were in form for the benefit of the plaintiffs. And such an agreement was considered to be in violation of the provisions of the statute in the case of *Algur* v. *Garaner* (54 N. Y., 360), as the opinion given plainly shows. And it was so regarded in the case of *Estevez* v. *Purdy* (6 Hun, 46). But that case has since been reversed by the Court of Appeals (66 N. Y., 446), and the preceding cases of *Condit* v. *Baldwin* (21 N. Y., 219), and *Bell* v. *Day* (32 id., 165), held to include an agreement made by the agent professedly for the benefit of the principal or lender, when no authority to make such an agreement has in fact been conferred upon the agent.

This principle may leave but very little for the statute to operate upon, but as it has been so plainly stated and established, it must now be followed. And as no part of the payments made for the extensions were received by the trust estate, and the majority of the trustees, including the custodian of the trust funds, in no way authorized or sanctioned them, but the moneys were individually divided between, and used by, the attorney and one of the trustees, for their own personal benefit, a case was not shown entitling the appellants to the relief claimed by them. The conduct of the trustee who participated in the enjoyment of the proceeds of the agreements made by the attorney, did not bind the others, or the trust estate, which was represented and controlled by all the trustees together. (*Ridgeley* v. *Johnson*, 11 Barb., 527; *Moir* v. *Brown*, 14 id., 39; *Thatcher* v. *Candee*, 33 How., 146; *Van Rensselaer* v. *Akin*, 22 Wend., 549.)

The order appealed from should be affirmed, but without costs.

BRADY, J. :

Yielding to the decisions of the Court of Appeals, cited in the opinion of DANIELS, J., which seem to me to have abrogated a plain statute, I very reluctantly concur.

DAVIS, P. J., concurred.

Order affirmed, without costs.