## MARIA G. GRAY

### *v.*

### MARGARET VAN BLARCOM and others.

Usurious brokage taken by a third person, whether an agent of the mortgagee or not, if taken without his knowledge or consent, will not taint the mortgage. The rule that such brokage, to be valid, must be taken by virtue of an independent agreement between the borrower and the broker, not approved.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. H. S. Drury,* for complainant.

*Mr. E. S. Atwater,* for Mrs. Van Blarcom.

THE CHANCELLOR.

This suit is brought for foreclosure of three mortgages, given by the defendants, Mr. and Mrs. Van Blarcom, to the complainant, one for $4,500, another for $1,500, and the third for $900. They all bear interest at the rate of seven per cent. per annum. The mortgagors, by their answer set up the defence of usury. The proof is that they paid to Borden, to whom they applied to raise the money for them, a premium of ten per cent. of the amount of the first two loans, one of which was for $4,500 and the other for $1,500, and a larger percentage on the other. The money thus paid to him appears to have been divided between him and Burnett, through whom the three loans were made. The complainant received no part of these premiums, nor was she aware that they or any part of them had been received by Burnett. She advanced the full amount of the three loans. Borden, by agreement with the Van Blarcoms, retained the percentage for himself and Burnett out of the money, and paid over to the latter his share of it. Borden was the agent of the Van Blarcoms in obtaining the loans. The receipt by Burnett of the money thus paid over to him by Borden as his commissions, would not, if he had been the complainant's agent, make the loans usurious. *Muir* v. *Savings Inst.,* 1 *C. E. Gr.* 537; *Conover* v. *Van Mater,* 3 *C. E. Gr.* 481; *Spring* v. *Reed,* 1. *Stew.* 345; *Manning* v. *Young, Id.* 568.

The counsel of the mortgagors, on the hearing, urged upon the consideration of the court the cases of *Algur* v. *Gardner,* 54 *N. Y.* 360, and *Estevez* v. *Purdy,* 6 *Hun* (*N. Y.*) 46, in support of the proposition that where, on a loan at lawful interest made by the lender through his agent, a commission is charged and received by the agent, and the borrower does not understand that the money thus charged and paid

is to go to the agent alone, the transaction is usurious. It was held in those cases that where the agent receives a premium for a loan bearing lawful interest, the contract will be usurious unless the agreement by the borrower with the agent is independent of the contract for the loan; that is, unless it is understood by the borrower to be an agreement solely for the benefit of the agent. The principle of these New York cases is in opposition to that laid down by this court in *Muir* v. *Savings Institution* and *Conover* v. *Van Mater*, and of the court of errors and appeals in the former; and, indeed, it is in opposition to that of the case of *Condit* v. *Baldwin*, 21 *N. Y.* 219, from which the courts by which the cases under consideration were decided, attempt to distinguish them. In *Conover* v. *Van Mater*, the agent had received a premium of $336 on a loan of $1,400, and it was insisted that the loan was therefore usurious. But it was held that there was no proof that any part of the premium was paid to the mortgagee, directly or indirectly, or that he agreed to receive it or any part of it, and that there was no evidence that he knew of the agreement to pay it or of the payment of it; "though," added the chancellor, "if he had known that his brother (the agent) had received this, or any other amount of illegal brokerage, for effecting this loan, it could in nowise have tainted this loan with usury."

In *Muir* v. *Savings Institution*, the court said: " But if he " (Muir, the mortgagor,) " did pay a *bonus* of $100 to Mott to obtain this loan, as he alleges, there is not only no evidence that he (Mott) had any authority from the institution to receive it, or that the other members of the funding committee, by whose concurrence the loan was made, had any knowledge of the transaction; but it is proved that they were ignorant of it, and that no part of the money went into the funds of the complainants. This ground of usury, therefore, entirely fails."

The distinction sought to be drawn in the New York cases above referred to, between the case of a loan by a broker on a premium which, it is understood by the bor-

rower, is to go into the pocket of the broker, and the case where the broker, though instructed by his principal not to lend at more than lawful interest, takes the premium without communicating the fact to the borrower that all of it is to be retained by him for his commissions, does not commend itself to my judgment. The distinction is manifestly due to dissatisfaction with the principle established in *Condit* v. *Baldwin.*

But, according to the evidence in this cause, Burnett acted rather as the friend of the complainant than as her agent, and for his own use and advantage, and on his own account undertook to induce her to make the loans, and he received his compensation therefor under an agreement between him and Borden. There is no evidence that he was her agent to make the loans. He appears to have been paid by Borden for his successful influence with her, and not to have been her agent. The defence is not sustained.