By the Court.—Van Vorst, J.
I cannot think that the retention by Anthon of a portion of the moneys handed to him by the plaintiff’s agent on the purchase of the mortgage, or making of the loan, however we may call it, and the subsequent delivery by Anthon to the plaintiff’s agent of the-sum of $375, part and parcel thereof, as a commission for his services, he being engaged in real estate business and in the negotiation of mortgages, renders the mortgage void in the plaintiff’s hands.
That, under the facts found by the learned judge, and which findings are sustained by the evidence, would be a hard judgment, and would inflict unmerited loss upon an innocent person.
Anthon, who was an attorney and counsellor at law, on behalf of the defendant, who desired to raise a sum *63 of money by way of mortgage on his real property, to pay off a previous mortgage thereon, applied to the plaintiff’s agent, and attorney, in fact, and whose general vocation was that of broker in real estate and mortgage negotiations, for the loan or advance of the money.
In making such application, and in settling upon the terms and conditions of the loan, Anthon was beyond doubt the representative of the defendant.
It may be that before the matter was fully and completely ended, the plaintiff’s agent, to some extent, relied upon the legal knowledge and care of Anthon, with regard to the sufficiency of the papers, and the condition of the title ; but that is not inconsistent with the fact that Anthon’s true attitude was as the defendant’s representative and agent in the substantial parts of this transaction, and by whom he was to be compensated.
The plaintiff was, in truth, represented by her own agent, her son, who, acting under a written power of attorney, was charged with the duty of investing her moneys. I cannot accept the conclusion, however, that the plaintiff, who was wholly ignorant of the private arrangement between Anthon and her agent, and who received no part of the moneys retained by Anthon under the name of commission, or for services, is at all chargeable with anything that was questionable or-irregular in Anthon’s action, although he divided the commissions or moneys retained with the plaintiff’s agent.
She was advised and believed that the whole investment had cost her $7,500, the face of the mortgage, as it in fact did, for her moneys to that extent were used and charged in her accounts, no portion of which was paid back to or received by her.
If the defendant has any just cause of complaint, it is with the person selected by him to raise the money, *64 and to complete the business, against whom, or his personal representatives, redress must be sought. The whole amount was received by.Anthon to the defendant’s use. That Anthon afterwards paid her agent $375 cannot prejudice her, unless with her knowledge or assent.
An innocent party cannot in this manner become implicated in the vice of usury.
The employment of an agent to effect a loan does not impliedly or apparently authorize him to violate law, or do an illegal act.
And where a lender has received a security providing for the payment of the precise amount loaned by him, with lawful interest, the fact that, the agent, without the authority, knowledge, or participation of the lender, extorted from the borrower a bonus, does not taint the transaction with usury (Estrevez v. Purdy, 66 N. Y. 446; Condit v. Baldwin, 21 Id. 219; Bell v. Day, 32 Id. 165; Elmer v. Oakley, 3 Lans. 34).
The findings of fact and conclusions of law signed and filed by the learned judge before whom the action was tried at special term, cover all questions necessary to be considered in the just disposition of the action.
We see no error in the refusal of the. judge to pass upon the numerous requests presented to him by the defendant, through his attorney, for the purpose of having the same passed upon, pursuant to section 1023 of’the Code of Civil Procedure.
This section provides, that either party may submit, in writing, to the judge, a statement of the facts which he deems established by the evidence, and rulings of law, which he desires the court to make.
But the statement must be in the form of distinct propositions of law or of fact, or of both, separately stated. They must be prepared in such form that the court may conveniently pass upon them.
In the same proposition should not be mingled, in *65 discriminately, statements of fact with conclusions of law. Such practice leads to confusion, and makes an intelligent disposition of the subject inconvenient for the judge below, and the appellate court, upon review.
On the other hand, these statements of fact and legal propositions, if handed to the judge before‘his decision, clear, distinct, and simple in their construction, each confined within its proper limits, when passed upon by him, will aid him in reaching a just conclusion in respect to the principal controversy before him, and will also reasonably guard the rights of an aggrieved party on appeal. A close adherence to this practice must be fruitful of good results. The learned judge refused to pass upon the defendant’s requests, or any of them, for the reason that they did not comply with section 1023 of the Code of Procedure, in that the propositions material to be passed upon were so intermixed with statements of specific pieces of testimony and general statements of law, that the former could not be practically distinguished and passed upon.
We have examined these requests, and find them to be largely open to the objection urged by the judge to their consideration. Some of them, it is true, are statements of facts. But in the main the refusal was justified.
In the exceptional instances, however, no practical injustice is done. In the findings actually signed, they are actually disposed of, and the others are immaterial.
The real matters of substance, warranted by the evidence, under the issues, are found by the judge in the statement of facts and conclusions of law actually signed by him, and forming a part of the case on appeal.
We find no substantial error in the various 'rulings of the judge upon the trial, to which exception has *66 been taken. And for the reasons assigned by him, as well as those hereinbefore stated, the judgment is affirmed with costs.
Speir, J., concurred.