Philip H. Tuska, Appellant, *v.* James O'Brien, Sheriff, etc., Respondent.

Defendant, as sheriff, by virtue of attachments against A. V. and J. S. V., levied on a stock of goods which they had sold to L., and he to plaintiff. An assignee in bankruptcy of A. V. and J. S. V. brought an action in the United States District Court, making the parties hereto, the bankrupts L., and the attachment creditor, defendants, claiming title to the property, and that the sale to the plaintiff was fraudulent and void. Defendant sold the property, and by order of said court deposited the avails. The decree in said action awarded the fund to the assignee. This action was brought to recover the property. *Held,* that said decree was properly pleaded in bar, and was *res adjudicata* between the parties as to plaintiff's title; that although the decree, by its terms, simply disposed of the fund, the title of plaintiff to the property was necessarily involved, as the assignee could only have recovered by establishing his own title against all the other parties, and he had a

right to accept the fund instead of the property or its value; that plaintiff, could not recover in this action, without having a general or special property in the goods; and that a plea of property in a third person was good.

Also, *held*, that the estoppel was effective, although the decree was in a court of equity and the parties hereto were both defendants, and although the sheriff had not accounted for all the goods.

(Argued February 1, 1877; decided February 13, 1877.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant, entered upon a verdict.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Erastus Cooke* for the appellant. The decree of the United States District Court did not estop plaintiff or bar a recovery in this action. (U. S. R. S., 996, §§ 5, 128, 35; 2 Smith's L. Cas., 794 [6th Am. ed.]; *Lore* v. *Truman*, 10 Ohio [N. S.], 45; *Mallett* v. *Foxcraft*, 1 Story, 474; *Jackson* v. *Wood*, 3 Wend., 37; *Ihmsen* v. *Ormsby*, 8 Casey, 198; *Hibbshman* v. *Dubbar*, 4 Watts, 183; *Davis* v. *Talcott*, 14 Barb., 611; *Strother* v. *Butler*, 17 Ala., 733; *Tams* v. *Lewis*, 6 Wright, 402; *Aiken* v. *Peck*, 22 Vt., 255.) Plaintiff was not bound to interpose a claim to the fund in the equity suit. (Add. on Torts, 33; *Brewer* v. *Sparrow*, 7 B. & C., 310.)

*A. J. Vanderpoel* for the respondent. The ruling of the court that the record of the judgment in the suit of Sedgwick, assignee, etc., against the parties to this action was conclusive between them, was correct. (*Duchess of Kingston's Case*, 2 S. L. Cas., 424; *Craig* v. *Ward*, 36 Barb., 377; 1 Abb. App. Cas., 454; 2 Tr. App., 281; *Dows* v. *McMichael*, 6 Paige, 139; *James* v. *Grant*, 10 id., 348; *Elliott* v. *Pell*, 1 id., 236; *Babcock* v. *Camp*, 12 Ohio St., 11; *McNeil* v. *Turner*, 6 Mumf., 316; *Motte* v. *Schult*, 1 Hill, 146; *Henderson* v. *McClure*, 2 McC. Ch., 466; *Savage* v. *Allen*, 44 N. Y., 458; *Chamley* v. *Ld. Dunsany*, 2 S. &

L., 690–710.) In a replevin suit the plaintiff must show a right to have a delivery of the property at the time the action was commenced. (*Sharp* v. *Whittenhall*, 3 Hill, 576; *Pattison* v. *Adams*, 7 id., 126; *Scofield* v. *Whitelegge*, 49 N. Y., 259; *Vandenburgh* v. *Van Volkenburgh*, 8 Barb., 218; *Maxwell* v. *Farnham*, 7 How. Pr., 236; *Ingraham* v. *Hammond*, 1 Hill, 153.)

CHURCH, Ch. J. This is an action to recover a stock of groceries taken by the defendant O'Brien, as sheriff of the city and county of New York, by virtue of attachments issued against the firm of Valk Brothers, who sold the goods to one Marx Long, and the latter to the plaintiff. Valk Brothers sold the property a few days before filing a petition in bankruptcy, and their vendee sold to the plaintiff two or three days subsequently. The sheriff sold the whole or the greater portion of the property as perishable, and under an order of the United States District Court deposited the fund in the trust company. John Sedgwick as assignee in bankruptcy of Valk Brothers, commenced an action in the United States District Court making the plaintiff, defendants Valk Brothers and Lang, parties, alleging and claiming title to all the property by virtue of the provisions of the bankrupt act, and that the sale to the plaintiffs was fraudulent and void. All the parties appeared and answered, the plaintiff alleging title in himself and denying all fraud charged against him. The decree was in favor of the assignee in bankruptcy awarding the fund to him. This judgment was set up in this action by the defendants, and the court held that it was *res adjudicata* between these parties as to the title of the plaintiff to the property in question.

The principal point urged by the learned counsel for the plaintiff is that the decree simply disposed of the fund in court, that the plaintiff in this action disclaimed any right or interest in the same, and has, notwithstanding that decree, a right to prosecute this action for the property. It is true that the decree is confined in terms to a disposition of the fund obtained

by the sheriff on the sale of the goods, but a judgment is con-
clusive not only of the point which it professes to decide, but
of matters which it was necessary to decide. (4 El. & Bl. 788,
794.) It is conclusive of the thing directly decided, and of
every fact essential to the adjudication. (5 Wright, 402.) In
another case Lord ELLENBOROUGH held that an estoppel of a
judgment extends, not only to what it affirms or denies
expressly, but to so much of the pleadings and evidence as
must necessarily have been considered by the court in pro-
ceeding to judgment. (3 East, 346; 4 Cowen, 562.) In this
case the production of the record alone shows that the title of
the plaintiff to this property was necessarily involved in that
action. The assignee in bankruptcy could maintain his action
only upon establishing his own title against the plaintiff in
this action, and all the other parties. The plaintiff put in issue
that title, and asserted it in himself, and was sworn in respect
to it upon the trial. It must necessarily have been determined
in order to reach the decree pronounced that the assignee's title
was superior to the plaintiff's, and that the latter's title was
invalid. It does not matter that the decree disposed of the
fund only. The assignee in bankruptcy had the right, whether
he was bound to do it or not, to accept the fund for the prop-
erty, and hence the decree awarded him the fund. The plaintiff,
if he had been successful in the United States Court in defeat-
ing the title of the assignee and establishing his own, would
not have been compelled to accept the fund. He might have
elected to pursue this action against the sheriff for the value
of the property, and in that case the fund would have been
restored to the hands of the sheriff, and the parties remitted
to their former position. The point of conclusiveness appli-
cable to this action is the title of the assignees to the property
which was necessary to be found in order to justify the decree
actually made. The plaintiff could not recover in this action
on a naked possession. He must have had the general or a
special property in the goods (7 Hill, 126; 49 N. Y., 259),
and a plea of property in a third person is good. (1 Hill, 353.)
The estoppel is effective, although the judgment was in a

court of equity, and the parties in this action were both defendants. (2 Sch. & Lef., 690, 718; 2 Smith's Ldg. Cases, 766 [7th ed.].) The judgment involved the title to all the property seized by the sheriff, and if he has not accounted to the assignee for all of it, he is still bound to do so. The point, therefore, as to one load of the goods alleged to have been converted by the sheriff or his deputies, is not tenable.

The judgment must be affirmed.

All concur.

Judgment affirmed.