MARY J. PRATT, Executrix, etc., Respondent, v. GEORGE B. ELKINS, Appellant.

The provision of the Code of Civil Procedure (§ 829), prohibiting a party from testifying, in certain cases, to a personal transaction with a deceased person, does not extend to transactions with the agents of such person.

In an action upon a promissory note, wherein the defense was usury, defendant testified that at the time of giving it he paid interest on the amount at the rate of one dollar per day for $1,000; that it was given in renewal of other notes, on which the same rate of interest was paid; that the same rate was paid on the note given for the original loan, and that all the notes were received by, and interest paid to the clerks of plaintiff's testator, at his banking-house. It was not claimed that any part of the interest was paid to the clerks as commissions for their services, or for their benefit in any way, or otherwise than as clerks for the deceased. One of said clerks testified to payments as sworn to by defendant, and that he, witness, made some of the loans by direction of the deceased. *Held*, that the evidence justified a finding of usury.

(Argued February 2, 1880; decided February 24, 1880.)

APPEAL from order of the General Term of the City Court of Brooklyn, reversing a judgment in favor of defendant, entered upon the report of a referee:

This action was upon a promissory note. The defense was usury. The evidence to sustain the defense is set forth in the opinion. Defendant testified that all the transactions in regard to the note in suit, and other notes upon which suits were pending, which were tried with this, were with either David Wood or Elisha Cole, clerks of Mr. Foster, plaintiff's testator, at his banking-house. The testimony as to the dealings with said clerks was objected to as incompetent, under section 829 of the Code of Civil Procedure; the objection was overruled and plaintiff's counsel duly excepted.

*Winchester Britton*, for appellant. A party to an action in which the legal representatives of a deceased person are adverse parties, may testify to a transaction between himself and the agent of such deceased person. (Code of Civ. Proc., § 829; *Hildebrandt* v. *Crawford*, 65 N. Y., 107; *Simmons* v. *Sisson*, 26 id., 264; *Lobdell* v. *Lobdell*, 36 id., 333.) It cannot be said that the usurious transaction was not that of Foster, deceased, through his agents. (7 Wait's Acs. and Def., 609.) The notes, except that in suit taken in renewal of the note in suit, were also usurious, whether viewed as separate transactions, or as renewals of the original loan. (*Reed* v. *Smith*, 9 Cow., 647; *Steele* v. *Whipple*, 21 Wend., 103; *Tuthill* v. *Davis*, 20 J. R., 285; *Clark* v. *Sisson*, 4 Duer, 408; *Jacks* v. *Nichols*, 1 Seld., 178; *Dean* v. *Howell*, Hill & Denio Sup., 39.)

*Joseph D. Fay*, for respondent. The defendant's testimony as to the illegal interest should not have been received, as it tended to show a personal transaction with the plaintiff's testator. (Code of Civ. Proc., § 829; *Card* v. *Card*, 7 Trans. Ass., 147; *Stanley* v. *Whitney*, 47 Barb., 586; *Alexander* v. *Dutcher*, 7 Hun, 439; 70 N. Y., 385; *Chadwick* v. *Fonner*, 69 id., 404; *Baldwin* v. *Smidt*, 5 Hun, 454;

*Howell* v. *Van Siclen,* 6 id., 115; *Ross* v. *Ross,* id., 182; *Mulqueen* v. *Duffy,* id., 299; *Tooley* v. *Bacon,* 8 id., 176; *Barrett* v. *Carter,* 3 Lans., 68; *Clark* v. *Smith,* 46 Barb., 30; *Haughey* v. *Wright,* 12 Hun, 179; *Van Alstyne* v. *Van Alstyne,* 28 N. Y., 375; *Kerr* v. *McGuire,* id., 446; *Hatch* v. *Pengnet,* 64 Barb., 193; § 399 of the Old Code, and § 829 of the New Code; *Richardson* v. *Warner,* 13 Hun, 193; *Mattoon* v. *Young,* 45 N. Y., 696; *Alexander* v. *Dutcher, supra ; Stanley* v. *Whitney,* 47 Barb., 586; *Strong* v. *Dean,* 55 id., 337; *Genet* v. *Lawler,* 61 id., 211; *Fox* v. *Clark,* id., 216; *n.*) The loan, if originally not usurious, could not be invalidated by a subsequent agreement to pay usury. (*Leslie* v. *Johnson,* 41 Barb., 359; *Williams* v. *Fitzhugh,* 44 id., 321; *Winsted Bk.* v. *Webb,* 39 N. Y., 325; *Real Estate Co.* v. *Keech,* 69 id., 248.) The testimony of the clerks as to the rate of interest usually or sometimes charged or paid by defendant, was improper and incompetent. (*Jackson* v. *Smith,* 7 Cow., 717; *Brinckerhoff* v. *Foote,* Hoffm., 291; *Ross* v. *Ackerman,* 46 N. Y., 210. If the agent departs from his duty and bargains for his private advantage, the principal is not thereby bound. (*Fellows* v. *Commissioners, etc.,* 36 Barb., 655.) Where an agent for loaning money takes a bonus or commission to himself beyond the legal rate of interest, without the knowledge or authority of his principal, it does not affect with usury the loan of the principal. (*Yokey* v. *Knapp,* 44 Iowa, 32; *Wyllis* v. *Ault,* 46 id., 46; Story on Agency, § 170; *Rogers* v. *Buckingham,* 33 Conn., 81; *Condit* v. *Baldwin,* 21 N. Y., 219; *Esterly* v. *Purdy,* 66 id., 446.) The borrower does not raise a presumption that the lender's agent had authority to take usury by showing that he paid the agent a bonus for the loan. (*Elmer* v. *Oakley,* 3 Lans., 34; *Condit* v. *Baldwin,* 21 N. Y., 221; *Owings* v. *Hull,* 9 Peters, 607; *Booth* v. *Sweezey,* 8 N. Y. [4 Seld.], 276.) Ratification of unauthorized act of agent, so as to bind principal, must be made with full knowledge of the facts. (*Seymour* v. *Wyckoff,* 10 N. Y. [6 Seld.], 213; *Nixon* v. *Palmer* 8

id., [4 id.], 398.) Mere receipt of the money, if proved would have been no ratification. (*Roach* v. *Coe*, 1 E. D. Smith, 175.) It is only an innocent party who can hold the principal responsible for an unauthorized act of the agent. (*Clark* v. *Metropolitan Bank*, 3 Duer, 241.)

RAPALLO, J. The testimony of the defendant as to his dealings with Wood and Cole, the clerks of plaintiff's testator, was not within either the letter or the spirit of the prohibition contained in the Code. The prohibition is confined to personal transactions with a deceased party, and does not extend to transactions with the agents of such party. The evidence of the defendant was, therefore, properly admitted.

We think, also, that the evidence was sufficient to sustain the finding of the referee that the note in suit was tainted with usury. The defendant testified that at the time of giving it he paid interest on the amount at the rate of one dollar a day for $1,000 ; that it was given in renewal of other notes, on which the same rate of interest was paid, and that the same rate was paid on the note given for the original loan; that all the notes were delivered to, and the interest received by Wood or Cole, clerks of the plaintiff's testator, at his banking-house. There was no pretense that any part of this interest was paid to Wood or Cole as commission for their services, or for their benefit in any way, or otherwise than as the clerks of the testator.

Mr. Wood, one of the clerks, contradicted the defendant's statements. Mr. Cole, the other clerk, testified that he knew of notes received from defendant by the deceased; that defendant sometimes paid one dollar on $1,000 for loans, and witness did not remember any at a less rate ; that witness made some of them by direction of the deceased. This evidence was competent for the purpose of showing that Cole's authority was not restricted to taking seven per cent on loans.

Even though it were not shown that the original loan was usurious, if the note given in renewal was tainted with usury that security was void, and an action could not be maintained upon it, whatever right the plaintiff might have had to sue for the unpaid balance of the original loan.

The order of the General Term should be reversed, and the judgment upon the report of the referee affirmed, with costs.

Andrews, Earl and Danforth, JJ., concur; Folger, J., dissents; Church, Ch. J., and Miller, J., absent at argument.

Order reversed and judgment affirmed.