Nathaniel J. Wyeth, Appellant, *v.* Thomas Braniff et al., Respondents.

A mortgage on certain premises owned by plaintiff, having been foreclosed and a sale of the premises being about to take place, under the judgment he agreed with the agent of defendant B., to pay a bonus of ten per cent, for a loan of $2,000, the judgment to be assigned to B., as collateral security. In pursuance of the agreement said agent gave to plaintiff

the $2,000, which he paid to the holder of the mortgage, who thereupon assigned the judgment to B., and plaintiff paid the bonus agreed upon. B. subsequently caused the premises to be sold under the decree, and they were bid off by defendant G., and judgment entered against plaintiff for a deficiency. G. paid no consideration but acted as agent for B. *Held*, that the transaction with B. was a usurious loan, not a purchase by him of the foreclosure judgment; that the agreement to pay the bonus was part of the contract of loan, not a separate agreement to pay the agent, and so far as appeared was for B.'s benefit; that the contract between the parties being void, the assignment made as security for its performance was also void, and transferred to B. no right to enforce the judgment; and that a judgment setting aside the assignment and all subsequent proceedings under the foreclosure judgment was proper.

*Condit* v. *Baldwin* (21 N. Y. 219), *Kellogg* v. *Adams* (39 id. 28), distinguished.

*Wyeth* v. *Braniff* (14 Hun, 537), reversed.

(Argued March 10, 1881 ; decided March 25, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 10, 1878, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial. (Reported below, 14 Hun, 537.)

This action was brought to set aside an assignment of a judgment to defendant Braniff of an action to foreclose a mortgage made by the plaintiff herein, and also to set aside a sale under said judgment, a deed on such sale to defendant Garrett, a judgment for a deficiency and to enjoin Braniff from enforcing said foreclosure judgment. The judgment of the Special Term granted the relief asked.

The facts so far as material are set forth in the opinion.

*J. M. Guiteau* for appellant. The assignment of the bond and mortgage and decree to Braniff was usurious, and transferred no title to him which he can enforce. (*Kellogg* v. *Adams*, 39 N. Y. 28; *De Witt* v. *Brisbane*, 16 id. 508; *Tallmadge* v. *Bell*, 3 Seld. 328; *Schroeppel* v. *Corning*, 5 Den. 236; *Rice* v. *Welling*, 5 Wend. 595, 598; *People* v. *Liscomb*, 60 N. Y. 559; *Fonda* v. *Sage*, 49 id. 173.) In this case every inference may be justly taken against the assignee. (*Nat.*

*Bank* v. *Lewis*, 75 N. Y. 518.) The loan and the usury were one transaction, and inseparable. (*Algur* v. *Gardner*, 54 N. Y. 360; *Berlin* v. *Mapes*, 38 How. 288.) As the contract for the loan was usurious, and cannot be enforced, and the principal debt cannot be collected, neither can the collateral security be enforced. (*De Witt* v. *Brisbane*, 16 N. Y. 508; *Tallmadge* v. *Bell*, 3 Seld. 328; 39 N. Y. 28.) The usurious intent having been found by the court, at Special Term, upon sufficient evidence, and there being no evidence to the contrary, it constituted usury. (*Fiedler* v. *Darrin*, 50 N. Y. 437; *Haughtwout* v. *Garretson*, 69 id. 342.)

*John D. Stephens, Jr.*, for respondents. Should it be held that the assignment was taken as collateral security for a loan, even then the security taken, being valid, could not be declared usurious, although purchased for a less sum than the amount at the time due upon the bond and mortgage. (*Kellogg* v. *Adams*, 39 N. Y. 28; *Thurston* v. *Cornell*, 38 id. 281; *Gray* v. *Green*, 12 Hun, 599.) An obligation, valid in its inception, is not invalidated by a usurious agreement for the extension of the time of payment. (*The Real Estate Trust Co.* v. *Keech*, 69 N. Y. 248; *Winstead Bank* v. *Webb*, 39 id. 325.) It was not a loan, and if it was, is not usurious. (*Crane* v. *Price*, 35 N. Y. 494.) The acts of an agent intrusted with money to invest at legal interest, exacting a bonus for himself, as a condition for making a loan, without the authority of his principal, does not constitute usury in the principal nor affect the security in his hands. (*Condit* v. *Baldwin*, 21 N. Y. 219; *Bell* v. *Day*, 32 id. 165; *Kellogg* v. *Adams*, 39 id. 28; *Crane* v. *Hubbell*, 7 Paige, 413; *Woodruff* v. *Hurson*, 32 Barb. 557; *Brooks* v. *Avery*, 4 N. Y. 225; *Fellows* v. *Com'rs Oneida Co.*, 36 Barb. 655.) Neither the bond and mortgage nor assignment were affected by the agreement to pay the usurious premium, and Braniff would be entitled to collect the amount advanced with interest. (*Crane* v. *Hubbell*, 7 Paige, 413; *Judd* v. *Sever*, 8 id. 548.) Where one takes an assignment of a mortgage, and afterward buys in the premises under the

power of sale in the mortgage, the mortgage being valid, although usury in the assignment alleged this will not affect the title under the power of sale. (*Jackson* v. *Colden*, 4 Cow. 266.) An agent's bonus is not usury even though the borrower believed he was dealing with him as principal. (*Lee* v. *Chadsey*, 3 Abb. Ct. App. Dec. 43.) The assignment having been made to Thomas Braniff, junior, by his seeking to enforce this security, he does not ratify any unlawful act of Braniff, senior, his agent. (*Bell, Ad'x*, v. *Day et al.*, 32 N. Y. 165; *Condit* v. *Baldwin*, 21 id. 219; *Fellows* v. *Com. Oneida Co.*, 36 Barb. 655; *Estevez* v. *Purdy*, 66 N. Y. 446.) If Braniff, senior, acted as broker, the transaction was not usurious; he was entitled to extra charge, provided his principal did not receive any of it. (*North* v. *Sergeant*, 33 Barb. 350.) Should the contract between Wyeth and Braniff, senior, be looked upon as usurious, and by which he was induced to purchase said mortgage, such contract would form no part of the consideration for which the mortgagees assigned said mortgage, and does not affect the assignee's title to the same. (*Kellogg* v. *Adams*, 39 N. Y. 28.)

DANFORTH, J. There is before us a single question whether the evidence sustains the finding of the trial term, that the judgment or decree was assigned to Thomas Braniff, as collateral security for a loan made by him to the plaintiff, at an unlawful rate of interest. The plaintiff was the only witness. He shows that he was the maker of a bond and mortgage, dated May 28, 1856, given to one Moore, to secure the payment of $2,000. A foreclosure was perfected September 4, 1871, and a sale of the mortgaged premises was about to take place. At this point of time, the plaintiff says: "One Van Auken, a broker" (living in the neighborhood), "came to me and said, he had $2,000. I asked him who he represented and he said Mr. Thomas Braniff, and after several interviews in regard to obtaining the loan, he told me it would cost ten per cent. I told him I would pay ten per cent, and some miscellaneous costs, amounting to about $35. Upon that statement

I was introduced to Mr. Braniff, by this broker. I saw Mr. Braniff, and *he promised to let me have the money, and he did let me have it*, and I paid him the ten per cent, and I paid the charges outside, amounting to some $35. I paid Mr. Braniff $235.

Q. *What were the terms of the loan ?*

A. *I took the loan for five years from aate of that payment ;* it was about 3d day of October, 1871. *He agreed to let me have the money at ten per cent*, and I paid him $200 for the loan, and the $35, and all the back interest." He says the $200 was a bonus, that the payment was made in Mr. Hedley's office. Mr. Hedley was the plaintiff's attorney in the foreclosure suit.

"Q. Did Mr. Braniff pay you the $2,000?

A. Mr. Braniff handed me, when the assignment was made, cotemporaneous with the making and delivery of the•assignment, $2,000 in money, and I handed it to Mr. Hedley; he was acting for the Moore estate; I likewise handed him the back interest, which was about $90 ; I paid him all the costs and took a receipt for the payment of it; I then had $500 in my pocket and I paid the sheriff, and I handed to Mr. Braniff $235, about ; it won't vary $2.50 from it.

Q. What was done about the mortgage?

A. The mortgage was assigned, and the assignment passed over, on the payment of $2,000, to Mr. Braniff.

Q. What was the agreement with Mr. Braniff as to the assignment of the mortgage?

A. That it was collateral security for the loan of $2,000; the man that I had the transaction with and borrowed the money of was there; he was the elder Mr. Braniff; the other one, I never heard of him.

Q. The assignment was made to Thomas Braniff, Jr. ?

A. Yes, sir."

There is here no cover, no device, and it is quite impossible to construe this testimony so that it shall not bring the case within the statute. There is the agreement for the loan of money; the loan; the taking therefor in pursuance of the

agreement of a sum of money greater than at the rate of $7 upon $100, for one year. There is the intent, and the act concurring. The story is very brief, and very plain. It was credited by the trial judge. It was not discredited by the General Term, but that court held that it did not sustain the finding. On the contrary, " that it was not a loan to the plaintiff, but a purchase by defendant Braniff, of a decree in foreclosure." We cannot, however, overlook the fact, that between Braniff and the assignor there was no communication. That the application was by the plaintiff to Braniff for a loan; that Braniff agreed to let him have the money at ten per cent as above stated, and did so. That the money was paid by Braniff, not to Moore, or his attorney, but to the plaintiff, and then that the agreement with Braniff was that the decree should be assigned as collateral security for the loan of $2,000. I can find no element of a sale. It appears, however, that Braniff, with whom this arrangement was made, was not Braniff, the defendant, but Braniff, Sr., the father of the defendant. Braniff, this defendant, then lived in New Orleans, and was there. Braniff, Sr., was his agent, as the trial court found. The learned judge at General Term says: "Assuming the transaction to have been a loan to plaintiff, an agreement with his " (defendant's) " agent to pay him ten per cent to procure the loan does not bring the usurious agreement home to defendant." I can find no evidence of such an agreement. The payment of the $200 was obviously part of the contract of loan, and the case is directly within *Algur* v. *Gardner* (54 N. Y. 360). *Condit* v. *Baldwin* (21 id. 219) is cited in support of the judgment of General Term. But the agreement in that case was unlike that disclosed in the one before us. In that case there was a separate agreement to pay the agent. Here there is a single agreement on the part of Braniff to let the plaintiff have the money at ten per cent. For aught that appears the agreement was authorized by the defendant, and the sum paid in money received by him. Braniff, the agent, is dead, but Braniff, the principal, is not, and could testify concerning this matter if the truth was otherwise. Neither Van

Auken, the broker, nor Hedley, the attorney, was examined, yet it is apparent that they had knowledge of part at least of the transaction testified to, and if it had not been fully stated, might have corrected the statement. As it stands there is nothing in the record to show that the usury agreed for, and paid, was not for the benefit of the defendant, or that he did not receive it. (*Algur* v. *Gardner*, 54 N. Y. 360.) The contract between the parties being void, the assignment of the decree, it having been made as security for the performance of the contract, is also void, and transferred to the defendant no right to enforce it. (*Dewitt* v. *Brisbane*, 16 N. Y. 508; *Talmage* v. *Pell*, 3 Seld. 328; *Schroeppel* v. *Corning*, 5 Den. 236.) The case is not like that of *Kellogg* v. *Adams* (39 N. Y. 28), where, in consequence of an usurious agreement, the lender (plaintiff) was induced to purchase of Lampson, a third party, not connected with the loan, a valid mortgage, and it was held good in his hands, but is like the case put by the learned judge, there delivering the opinion. He says: "In this case, had the plaintiff taken the assignment of Lamson's mortgage as collateral to the usurious contract, or had the plaintiff loaned the whole $4,000 to Adams, and the latter had paid Lampson his $3,000 and procured him to assign his mortgage to the plaintiff as collateral to Adams' undertaking to repay the usurious loan, it is clear that the assignment would have been void within the principle of the two cases last mentioned" (*Dewitt* v. *Brisbane*, and *Talmage* v. *Pell, supra*), and to the same effect is the opinion of HUNT, Ch. J., in the same case. It should be observed that the judgment in this case does not deal with the mortgage, or the decree, but with the assignment only, and subsequent proceedings thereon by the assignee, and therefore is within the limitation suggested by ALLEN, J., in *Patterson* v. *Birdsall* (64 N. Y. 294). His right to proceed under it depends upon his contract with the plaintiff, and as that is invalid, his attempt to enforce it must, upon the same principle, also fail. As the purchase at the sale, brought about by the defendant Braniff, was made by the defendant Garrett, as the agent of Braniff, and upon no new consideration, that also was properly set aside.

The order of the General Term should, therefore, be reversed, and the judgment of the Special Term affirmed, with costs.

MILLER, EARL and FINCH, JJ., concur; FOLGER, Ch. J., RAPALLO and ANDREWS, JJ., dissent.

Order reversed and judgment affirmed.