MARY E. LYON, Appellant, *against* ROBERT SIMPSON, as Survivor, &c., Respondent.

(Decided March 15th, 1883.)

*It seems,* that an unauthorized usurious agreement made by an agent upon a loan of money for his principal without the knowledge or participation of the principal, does not invalidate the claim of the principal for repayment of the loan or his right to the security taken therefor.

In an action for the recovery of personal property belonging to plaintiff,

the complaint alleged that defendants, being partners, received the property "as security for a usurious loan made by said firm to the plaintiff of the sum of $250 for twelve months on interest at the rate of 25 per cent. per annum." The proof showed that the rate was to be 3 per cent. per month. *Held,* that the variance was material.

*It seems,* that such allegations do not constitute a sufficient averment of a corrupt and usurious agreement prohibited by the statute against usury.

To bring a loan within the prohibition of the statute, it must be proved to have been usurious at the time of its inception; usury taken subsequently for an extension of the loan cannot invalidate the original security.

APPEAL from a judgment of the General Term of the Marine Court of the city of New York affirming a judgment of that court entered upon a dismissal of a complaint, and an order denying a motion for a new trial.

The complaint in this action alleged that the defendants, Robert Simpson and William Simpson, were co-partners in business as pawnbrokers in the city of New York; that on the 11th day of April, 1878, the said firm received certain personal property belonging to the plaintiff as security for a usurious loan made by the firm to the plaintiff of the sum of two hundred and fifty dollars for twelve months with interest at the rate of twenty-five per cent. per annum; that at the end of the twelve months the firm agreed to extend the loan to the 5th of August, 1879, and upon demand of the firm, and as a condition of such extension, the plaintiff paid as interest upon said loan up to said 5th of August, 1879, the sum of eighty-four dollars, or at the rate of twenty-five per cent. per annum, and the said firm thereupon agreed to and did extend the loan for twelve months from the 5th of August, 1879, on interest at the rate of twenty-five per cent. per annum; and that said personal property was converted by the defendants contrary to the provision of the statute regulating the interest of money, to the plaintiff's damage, and so forth.

The answer admits co-partnership of the defendants; admits that certain property was pawned with the firm upon a loan made thereon for the sum of two hundred and fifty

dollars, but denies all the allegations in regard to any usurious agreement.

Upon the trial of the cause, the only evidence offered to support any usurious agreement at the time of the making of the loan, was the evidence of the plaintiff, who testified that some person in the store of the defendants had told the plaintiff that they were making small loans on diamonds, and that she must be willing to pay three per cent. per month, and that she told him that she was willing to pay three per cent. per month, and that the tickets were made out at three per cent. per month; and the witness further testified that she paid subsequently the sum of eighty-six dollars in 1879 at the time of the agreement to extend the loan to a clerk of the defendants.

There is no evidence in the case going to show any authority upon the part of any of the employees of the defendants to make a charge for interest greater than that allowed by statute, or that any portion of the money paid for interest was ever received by the defendants.

The judge at the Trial Term dismissed the complaint, and from the judgment thereupon entered plaintiff appealed to the General Term of the Marine Court, and such judgment was thereupon affirmed; and from the judgment of affirmance plaintiff appealed to this court.

*Henry Parsons*, for appellant.

*Abram Kling*, for respondents.

VAN BRUNT, J.—[After stating the facts as above.]— We concur with the views expressed in the opinion of the learned justice in the court below, given at the time of the dismissal of the complaint.

The cases of *Condit* v. *Baldwin* (21 N. Y. 219); *Bell* v. *Day* (32 N. Y. 165); *Estevy* v. *Purdy* (66 N. Y. 446), all support the proposition that the taking of unlawful interest by a servant without the knowledge of his employer, and in which there is no evidence that the employer

Lyon v. Simpson.

has participated, does not invalidate the claim of the employer for a repayment of the loan.

The theory upon which these cases proceed is that the servant is authorized to do a lawful act and if he does an unlawful act without the knowledge or assent of his master, he cannot affect the master's rights.

In the case of *Pratt* v. *Elkins* (80 N. Y. 198), there was express evidence that the clerks in that case had on previous occasions by and with the direction of the plaintiff made usurious loans, which fact the court held justified an inference that the loan in question in that case was made by and with the consent of the master. In the case of *Wyeth* v. *Braniff* (84 N. Y. 627), the court found that the loan in question was usurious in its inception, and that the actual payment of the usury was part and parcel of the contract of loan, and that the usurious sum was at the time of the making of the agreement actually paid.

In the case at bar there is no proof whatever to support any claim that the defendants' clerks had ever upon any previous occasion been authorized to exact usury upon any loans made by them, nor is there any evidence that the defendants knew of any usurious transaction made upon their behalf by any one of their clerks. Under these circumstances it seems that it would be a hard rule of law to hold, that where a servant makes an unauthorized usurious agreement without the knowledge of his master, and upon which no money is paid, the master should lose the whole of the amount loaned, because of the unauthorized act of his servant. But in the case at bar there is no proof of any usurious agreement such as is claimed to be set forth in the first paragraph of the complaint. The allegation is that on the 11th day of April, 1878, the property in question was given as security for a usurious loan made by the defendants to the plaintiff for twelve months on interest at the rate of twenty-five per cent. per annum. The proof shows, if it shows any usurious agreement, that the rate was to be three per cent. per month, or thirty-six per cent. per annum —a very material variance from the attempted allegation of

usury made in the complaint. The proof in regard to the usury exacted in the following year cannot affect the right of the defendants to hold the property as security for the loan already made. It seems to be necessary, in order that the parties should have the benefit of the statute, that the loan must be proved to be usurious at the time of its inception; and usury taken subsequently for an extension of the loan cannot invalidate the original security (*Trust Company* v. *Keech*, 69 N. Y. 248); and it may be well claimed that the allegation in the second paragraph of the complaint contains no sufficient averment of the corrupt and usurious agreement made at the inception of the contract in April, 1878. The paragraph in question contains no allegation of any agreement upon the part of the plaintiff to pay any usurious interest, or any allegation that the defendants exacted either interest at usurious rate or an agreement from the plaintiff to pay interest at a usurious rate as a consideration for the forbearance of the loan, or that any corrupt agreement was entered into (*Nat. Bank of Auburn* v. *Lewis*, 10 Hun 468, and cases there cited)—allegations essential to a valid plea setting up the defense of usury.

We are of the opinion, therefore, that the judgment should be affirmed with costs.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment affirmed, with costs.