CENTRAL TRUST COMPANY OF NEW YORK, as Trustee under the Last Will and Testament of MARY ELIZA DEWEY, Deceased, Respondent, *v.* SELINA LUCILLE DEWEY, Individually and as Executrix, etc., of WILLIAM P. DEWEY, Deceased, Appellant, Impleaded with PROVIDENT LIFE AND TRUST COMPANY and Others, Respondents.

First Department, July 13, 1917.

**Will — trust — validity of assignment by beneficiary of interest in trust estate accompanied by will conveying same interest — agreements by wife of beneficiary in aid of the assignment — power of appointment must be in manner directed by will.**

A testatrix by will provided that certain securities should be held in trust for the benefit of her two sons; that equal amounts from the income thereof be paid to the beneficiaries annually during their lives until the fund with income should become exhausted; that upon the death of either of the sons without lawful issue the interest of the one so dying should be conveyed to the survivor during his life; that the surviving son should convey by will in such manner as he might direct any balance of the fund that might remain in the hands of the trustee at the time of his decease. The surviving son, after the death of his brother without issue, made an alleged assignment of a one-half portion of his interest in the trust fund and agreed that a certain will, which was made by him concurrently therewith and by which he bequeathed to the trustee a one-half share of any balance of the fund that might remain in the hands of the trustee at the time of his death, should be irrevocable. At the same time his wife executed and delivered to the assignee an agreement to do any and all things possible and to execute and deliver any and all instruments necessary to perfect the title of the assignees to the interest in the estate. Thereafter, by a similar transaction the surviving son and his wife assigned the remaining half interest in his mother's estate. The surviving son died without issue, leaving a last will by which he gave to his wife all the property held in trust.

In an action by the trustee to determine the rights of the parties, *held*, that the assignments and other instruments delivered to the assignees by the surviving son were valid and enforcible only to the extent of his life interest;

That the interest of the son's wife in the estate as given to her by her husband's will is not affected by her prior agreements with the assignees which had no reference to the corpus of the estate, the income of which was to be paid her husband.

To enforce the agreements between the son's wife and the assignees would accomplish the illegal purpose of thwarting the will of the testatrix to dispose of the corpus of her estate by the final will of her son under a power of appointment.

APPEAL by the defendant, Selina Lucille Dewey, individually and as executrix, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 2d day of May, 1916, upon the decision of the court after a trial at the New York Special Term, except such parts as settle the account of the plaintiff, direct payment of its commissions and grant costs and allowances.

*James F. Horan,* for the appellant.

*Francis C. Nickerson,* for the respondent Central Trust Company of New York.

*Wolcott G. Lane,* for the respondents Provident Life and Trust Company and Catherine Stewart Wood, as executors, etc.

*William S. Creevey,* for the respondent Robert C. Banes, as trustee, etc.

*A. F. Van Thun, Jr.,* for the respondent John M. Ward.

DAVIS, J.:

The action was brought by the Central Trust Company of New York, as trustee under the last will and testament of Mary Eliza Dewey, deceased, for the construction of the will and to settle and adjust its accounts as such trustee and to adjust and determine the rights of the various defendants in the balance of the trust fund remaining in the possession of the trustee.

The testatrix died on March 25, 1888, leaving a last will and testament dated March 31, 1886, which was admitted to probate in the county of New York.

Among other things the will provides that certain securities specified therein amounting to $100,000 at par, belonging to the testatrix, be delivered to and held by the plaintiff in trust for the benefit of her two sons, William Pierce Dewey and Eugene Edwin Dewey, in equal proportions and that out of said fund and the income therefrom the plaintiff pay to each of her said sons the sum of $4,000 per annum in quarterly

First Department, July, 1917.          [Vol. 179.

installments during their respective lives, until the whole amount of said securities, together with the income, shall have been fully paid out and become exhausted.   The testatrix authorized the trustee to sell from time to time so much of the principal of the fund as might be necessary in addition to the income to produce the amount required to make the specified payments to her sons.   The will further provides that in the event of either of the sons dying without lawful issue, the interest of the one so dying should be conveyed, transferred and paid over to the survivor during his life in the manner provided for its payment while the son was living. The will also authorized and empowered the surviving son to convey by will in such manner as he might direct, any balance of the funds that might remain in the hands of the trustee at the time of his decease.

Eugene Edwin Dewey died June 26, 1891, without issue. William Pierce Dewey thereafter received from plaintiff the sum of $8,000 per annum.

On or about November 7, 1904, William Pierce Dewey executed and delivered to the New York Finance Company an alleged assignment by which in consideration of $20,320, he purports to assign to it, its successors, etc., a full one-half portion of all his right, title and interest in and to the estate held for his benefit by the Central Trust Company of New York under the will of his mother and agreed that a certain will which was made by him concurrently therewith should be irrevocable.   The will referred to was made on the same day and purported to bequeath to the New York Finance Company a full one-half share of any balance of the estate that might remain in the hands of the trustee at the time of his death.   William Pierce Dewey thus attempted to exercise his power of appointment derived from his mother's will in favor of the New York Finance Company.   At the same time Selina Lucille Dewey, the wife of William Pierce Dewey, executed and delivered to the New York Finance Company an agreement in which, after reciting that the agreement was made in order to induce the said New York Finance Company to purchase the interest, she undertook and agreed " to do any and all things possible to expedite the collection thereof * * * and to execute and deliver any and all instruments

that may be necessary to perfect their title to the said estate about to be sold to them."

Thereafter and on or about November 21, 1905, a precisely similar transaction was consummated between the said William P. Dewey, Selina L. Dewey, his wife, and the defendant John M. Ward, by which Ward claims in the same way to have purchased Dewey's remaining one-half interest in his mother's estate.

On or about December 9, 1913, William P. Dewey died without issue, a resident of the city of Los Angeles, Cal., leaving a last will dated February 22, 1913, and duly probated January 5, 1914. This will gives to his wife, Selina L. Dewey, all the property held in trust by the Central Trust Company which under his mother's will he was empowered to bequeath, thus exercising the power of appointment in his wife's favor. Letters testamentary were issued to Selina L. Dewey.

Thereafter the defendant Ward made claim to one-half, the defendant Wood's executors to one-quarter, and defendant Banes, as trustee, to one-quarter of the fund remaining in the hands of the trustee, and Selina L. Dewey made claim to the whole by virtue of the power of appointment exercised under her husband's will. The claims of Wood's executors and of Banes rest upon assignments made by the New York Finance Company.

Thereupon plaintiff brought this action to determine the rights of the parties.

The court at Special Term has decided that the assignments and other documents delivered to the New York Finance Company and John M. Ward by William P. Dewey were valid and enforcible only to the extent of the life interest of William P. Dewey. In thus deciding the court was undoubtedly right.

The court, however, found that the agreements made by Dewey's wife alleged to be confirmatory of her husband's contracts, etc., preclude her from taking any interest under her husband's will, given to her by his exercise of the power of appointment derived from his mother's will.

In its 12th conclusion of law the court decides that the confirmatory agreements of the wife of William P. Dewey preclude her from taking any benefit under the power of

appointment contained in the last will and testament of William P. Dewey, as against the transferees mentioned in Dewey's assignments, and that when the wife signed the confirmatory agreements the parties were contracting with reference to the future estate as to which the power was to be exercised, and that the wife Selina agreed to sell her right in Mary Eliza Dewey's estate, dependent upon the contingency of her having it to sell, and that the contingency had arisen by the exercise of the power of appointment, under which she had become the holder of the legal title to the funds in the hands of the trustee, which she had solemnly assured the claimants should belong to them so far as she could accomplish that result.

The court then directs the distribution of the property which passed by appointment to the wife among the claimants to the exclusion of the wife. An examination of the instruments signed by the wife will disclose that they have no reference to the corpus of the estate, the income of which was to be paid her husband and that the court has wrongly construed it. Those instruments purport to confirm the transfer and sale only of the interest then owned by William P. Dewey, that is, a life interest, and Mrs. Dewey agrees therein to execute whatever instrument may be necessary to confirm the vesting of that particular interest only. It follows that her interest in the estate as given to her by her husband's will is not affected by her agreements. But assuming that the appellant executed the agreements for the purpose of assuring to the assignees the ultimate possession of the corpus of the estate in accordance with Dewey's will in their favor, we arrive at the same result. The agreements of Mrs. Dewey were executed as part of the transactions between Dewey and his assignees. Those transactions, so far as they relate to the will made in favor of those assignees, are illegal and not enforcible. (*Farmers' Loan & Trust Co.* v. *Mortimer*, 219 N. Y. 290.) The vice that makes them unenforcible would be present also in the agreements of Mrs. Dewey. (*Dewitt* v. *Brisbane*, 16 N. Y. 508; *Sirkin* v. *Fourteenth Street Store*, 124 App. Div. 384; *Wyeth* v. *Braniff*, 84 N. Y. 627; *Woodworth* v. *Bennett*, 43 id. 273.) To enforce them would be to accomplish the manifestly illegal purpose of thwarting the

will of the · testatrix to dispose of the corpus of her estate by the final will of her son under a power of appointment.

The judgment so far as appealed from is reversed and the judgment as entered modified in accordance with this opinion, with costs to the appellant and to the plaintiff, respondent, against the defendants, respondents; the order to be entered hereon specifying the findings reversed and with appropriate new findings, to be settled on notice.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Judgment so far as appealed from reversed, and judgment as entered modified in accordance with opinion, with costs to appellant and to plaintiff, respondent, against the defendants, respondents.   Order to be settled on notice.